## WILLIAM S. WEBB *v.* GEORGE M. HANSON, ELIAS BORTRY, LAFAYETTE M'LEON, and others.

The 21st sect. of the act of March 18th, 1850, gives to any person who shall be aggrieved by the order of the Court of Sessions, granting a license to establish a ferry, the right to appeal from the same to the District Court, on giving bond within thirty days, &c., upon which appeal "*further proceedings shall be had, and judgment ren dered thereon, as in other cases of appeal.*"

No appeal from the decision of the District Court has been provided in such cases by law, and unless the party can bring himself within the constitutional provision, the judgment of the District Court is final and conclusive.

When the judgment of the District Court, confirming such license, is unreversed, it cannot be tried collaterally.

This court cannot review such decision of the District Court. Whether its decision, or the appeal from the Court of Sessions, was proper or not, can make no difference; this court is bound to suppose it was correct.

APPEAL from the Tenth Judicial District, Sutter County.

This action was founded on an injunction bond for $3000, executed to plaintiff by defendants, as explained below.

The record sets forth that the plaintiff, Webb, applied to the Court of Sessions of Sutter County, at May Term, 1851, for license to establish a ferry across Feather River, above Yuba City, which the court granted for one year from date, May 21st, 1851, upon payment of $25, in addition to $450 before paid ; stipulating the rates of toll to be taken by the grantee, and requiring a bond in the sum of $5000 for the faithful discharge of his duties.

On the 23d of May, 1851, Hanson took an appeal from the order of Sessions granting the above license, to the District Court of said county, which was tried at June Term, 1851, and the order affirmed, and judgment was rendered in favor of the plaintiff. Hanson then, on the 16th June, took an appeal from the judgment of the District Court, to the Supreme Court ; and all these orders and proceedings being in full force, Hanson, on the 21st June, 1851, applied to GORDON N. MOTT, Judge of the Tenth Judicial District, and obtained an order restraining and enjoining Webb from running said ferry, until the appeal

5

taken from the District Court to the Supreme Court should be decided, but the injunction not to issue till Hanson had filed his bond, with sureties in the sum of $3000, for the payment of any and all damages said Webb might be deemed to suffer by reason of said injunction; which bond, executed by Hanson and the other defendants, as sureties, was filed accordingly on the 21st June, 1851; upon which bond this action is founded. The injunction was issued, and placed in the hands of the sheriff of the county, requiring him to restrain Webb from running the ferry until the appeal above stated should be finally decided, and was served on Webb the 23d June, 1851; by reason of which he avers that he was prevented from the use of the ferry, and deprived of the tolls, &c., from the 23d June, 1851, until the 21st February, 1852, when the Supreme Court decided the case in his favor; by reason of which he has sustained damage to the amount of $3000, and claims judgment for the same.

G. M. Hanson for answer denies all the allegations of the complaint, and specially denies that Webb had a legal license to run the ferry, as set out by him, and denies the alleged damage, and calls on plaintiff for proof.

At November Term the cause was submitted to a jury, and after hearing the evidence, the defendant moved the court for a nonsuit, on the ground that the license had been illegally granted to Webb; which the court overruled. The cause was then proceeded with, and the jury brought in a verdict for plaintiff for $3000 and costs; and the court ordered judgment against Hanson & M'Leon for that amount, with costs. And the cause was continued with respect to the other defendants.

The evidence on the part of the plaintiff went to show compliance with the provisions of the act relating to ferry licenses, which was held sufficient by the court.

That offered by the defendant, and which was overruled by the court, was designed to show that the terms of the act had not been complied with, and that consequently the license was illegally granted; leaving the question as to the legality of the license, the only one for the consideration of the District Court, who affirmed the grant.

And the District Court having so affirmed the license granted

by the Sessions, the inquiry addressed to this court was, whether they would reverse the decision of the District Court in the premises?

*Walker*, for appellant,

Cited the Practice Act, sect. 59.   " In pleading a judgment of a court of special jurisdiction, such judgment may be stated to have been duly made.   If such allegation be controverted, the party pleading shall be bound to establish the facts confirming jurisdiction.   Also, 19 Johns. 33, distinguishing between courts of special and general jurisdiction, the intendment is in favor of the latter, but the former must be shown. 1 Denis. 141 ; 6 Barb. 607, 621 ; 1 Wend. 652 ; 1 Hill. 138.

The Court of Sessions, being a court of special jurisdiction, could only take jurisdiction of the case when the requirements of the law were complied with.

Did not the District Judge, in reversing the case, act merely as a special, and not as a general court ?   If this be so it should have been shown that he did not exceed his jurisdiction in the trial; and if a mere supervisor in the case, he should have decided without devolving questions upon a jury which he alone could properly decide.

*Hastings, Shaw,* and *Wise,* for respondents.

The verdict of a jury is conclusive as to facts, and this court will not examine into them.   This appeal is from a judgment upon a verdict, and if no error in the judgment or ruling of the court, the judgment must be affirmed.   The case of Wells *v.* Hanson governs this case.

It is sufficient for the maintainance of this action that Webb should show *some damage,* and whether it arose under a valid or invalid license, it is immaterial, so that he had a license giving him color of right.

The judgment of the Court of Sessions, affirmed by the District Court, is conclusive as to Webb's right to keep a ferry; and they being courts of record, an inquiry cannot be had behind their judgments, as to the regularity of their proceedings.

MURRAY, Chief Justice, delivered the opinion of the court. WELLS, Justice, concurred.

This was an action, commenced in the court below by the respondent, under the second section of the act regulating public ferries, passed April 29th, 1851.

Upon the trial of the cause, the defendant produced a license to run a ferry, granted by the Court of Sessions of Yuba County, which license had been confirmed by the District Court, upon appeal from the decision of the Court of Sessions granting the same. Whereupon the court below decided that said license was a complete bar to the plaintiff's action, and rendered judgment for the defendant.

The plaintiff offered to show in evidence that the license under which the defendant justified was void, because the Court of Sessions had exceeded its jurisdiction in granting the same, and that the District Court had erred in affirming the license so granted; which testimony was excluded by the court.

The act of the legislature, creating and regulating public ferries, passed March 18th, 1850, vests in the County Court of each county, the right to establish and regulate public ferries. The applicant for such privilege is required to file his petition, to pay a certain tax assessed on such license, &c. The 11th section of said act prohibits the Court of Sessions from establishing any ferry, unless the applicant produces satisfactory proof that written notices of his intended application have been posted up in three of the most public places of the township for at least thirty days.

The 21st section of the act provides, that if any person shall feel aggrieved by the order of the Court of Sessions granting such license, he may, on giving bond, within thirty days, &c., appeal from the same to the District Court, upon which "*further proceedings shall be had, and judgment rendered therein, as in other cases of appeal.*"

No appeal from the decision of the District Court has been provided in such cases by law, and unless the party can bring himself within the constitutional provision, the judgment of the District Court is final and conclusive.

The judgment of the District Court confirming the license to the defendant had never been reversed, and the correctness of that decision could not be tried collaterally. It is true the court

of Sessions is a court of limited jurisdiction; and every step which the law requires to be taken by the parties in obtaining such license, ought to appear affirmatively. The object of the legislature, however, in giving an appeal to the District Court, was for the very purpose of correcting the errors and informalities of the Court of Sessions.

We have no power to review the decision of the District Court in this manner. Whether the decision upon the appeal from the Court of Sessions was proper or not, can make no difference ; we are bound to suppose it was correct. To allow the judgment of the District Court to be impeached in the manner proposed by the plaintiff, would open the door to endless delays and difficulties, and it would constantly be called on to review in one case what it had determined in another, thereby destroying its utility, and rendering its judgment inoperative, unstable, and worthless.

Judgment affirmed.